IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY SHANE KINNARD, :
:
    Plaintiff, : CIVIL NO. 4:09-CV-1349
:
v. : (Judge McClure)
:
WARDEN DOMINICK DeROSE, :
:
    Defendant. :

## MEMORANDUM and O R D E R

June 22, 2010

Plaintiff Gregory Shane Kinnard ("Plaintiff" or "Kinnard"), a former inmate, commenced this *pro se* civil rights action by filing a Complaint pursuant to the provisions of 42 U.S.C. § 1983. (*See* Rec. Doc. No. 1.) At the time of filing, Kinnard was an inmate at the Dauphin County Prison in Harrisburg, Pennsylvania. Service of the Amended Complaint (Rec. Doc. No. 15) on Defendant was directed by Order dated March 9, 2010. (Rec. Doc. No. 19.) On May 18, 2010, a motion to dismiss Plaintiff's Amended Complaint was filed on behalf of Defendant DeRose. (Rec. Doc. No. 24.)

Presently before the Court is Plaintiff's third motion to appoint counsel. (Rec. Doc. No. 26.) For the reasons set forth below, the motion will be denied. In addition, because Kinnard filed an "objection" to the pending motion to dismiss before

Defendant DeRose filed his supporting brief, Kinnard will be given an opportunity to file his opposition brief responding to Defendant's supporting brief.

**THIRD MOTION TO APPOINT COUNSEL**

Kinnard initially asked the Court to appoint counsel at the outset of this case before any screening assessment had been completed. (*See* Rec. Doc. No. 9.) He renewed his request after this Court issued an Order on November 10, 2009 directing him to file an amended complaint. (*See* Rec. Doc. No. 14.) As such, his requests were made before the screening assessment of his claims as presented in his Amended Complaint (Rec. Doc. No. 15) had been completed, before the Amended Complaint was served, and prior to Defendant having been given an opportunity to respond to the allegations in the Amended Complaint. By Order dated March 2, 2010, we denied Plaintiff's motions to appoint counsel without prejudice to re-examining the issue as this litigation progresses. (*See* Rec. Doc. No. 18.)

In his third motion to appoint counsel, Kinnard states that, although he demonstrated an ability to present his own case in the early stages of this action, he now has legal issues that he does not understand. (*See* Rec. Doc. No. 26 ¶ 1.) He also states that he needs counsel because some factual investigation will be necessary, and he does not have the ability to pursue it. (*See id.* ¶ 4.) Despite his concerns, Kinnard

has continued to demonstrate an ability to litigate this action *pro se*. In particular, although his "objection" to Defendant's motion to dismiss was prematurely filed, Kinnard demonstrated an ability to respond to the motion. Further, his concern regarding factual investigation is premature in that it does not appear that any factual investigation would be necessary to prepare opposition to the arguments presented in Defendant's motion to dismiss. As such, Kinnard has failed to set forth sufficient special circumstances or factors that warrant reconsideration of our previous decision not to appoint counsel. *See Gordon v. Gonzalez*, 232 Fed. Appx. 153, 156 n.3 (3d Cir. 2007). Therefore, his third motion to appoint counsel will be denied.

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

A motion to dismiss Plaintiff's Amended Complaint was filed on Defendant's behalf on May 18, 2010. (Rec. Doc. No. 24.) On May 24, 2010, before a brief in support of the motion was filed, Plaintiff filed a document entitled "Pro Se Objection to Motion to Dismiss." (*See* Rec. Doc. No. 25.) This document was docketed as a brief in opposition to the motion to dismiss.[1] (*See id.*) On June 1, 2010, Defendant filed a supporting brief. (Rec. Doc. No. 29.) Accordingly, we will give Plaintiff an

---

[1]The Clerk of Court will be directed to amend the Docket Text to reflect that the document submitted was a "Pro Se Objection to Motion to Dismiss." (*See* Rec. Doc. No. 25.)

3

opportunity to file an opposition brief responding to the arguments raised in Defendant's supporting brief in accordance with Middle District of Pennsylvania Local Rule 7.6 ("LR 7.6").[2]  Plaintiff will be directed to file his opposition brief on or before July 12, 2010.  Plaintiff is warned that, if he fails to file his opposition brief as directed, Defendant's motion will be deemed unopposed and addressed on the merits.  Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's third motion to appoint counsel (Rec. Doc. No. 26) is **DENIED**.

2. On or before July 12, 2010, Plaintiff is directed to file his brief in opposition to Defendant's motion to dismiss (Rec. Doc. No. 24) in accordance with LR 7.6.

3. Plaintiff's failure to file his opposition brief as directed within the required time will result in Defendant's motion being deemed unopposed and addressed on the merits.

4. The Clerk of Court is directed to amend the Docket Text accompanying

---

[2] Plaintiff is advised that the requirements of LR 7.6 are explained in the Standing Practice Order issued in this case on July 14, 2009, and a copy of the rule is attached to the Order.  (*See* Rec. Doc. No. 5 at 3, 6.)

4

Document number 25 to reflect that the document filed by Plaintiff is a "Pro Se Objection to Motion to Dismiss."

          s/ James F. McClure, Jr.
          JAMES F. McCLURE, JR.
          United States District Judge