IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| GREGORY SHANE KINNARD, | : | CIVIL NO. 4:09-CV-1349 |
|---|---|---|
| Plaintiff, | : | (Judge Caldwell) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| WARDEN DEROSE, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

This is a *pro se* civil rights action brought by Gregory Kinnard, a man who was a prisoner in the Dauphin County Prison in 2009. Kinnard initially filed his *pro se* complaint in July of 2009. (Doc. 1.) In this initial *pro se* pleading, Kinnard leveled a variety of allegations against an array of actors, allegations involving confiscation of property from this prisoner and the conduct of administrative disciplinary and grievance proceedings involving Kinnard. (Id.)

Because Kinnard's initial complaint did not meet the requisites set by federal law, the district judge initially assigned to this case, the Honorable James F. McClure, entered an order on November 10, 2009, granting Kinnard's request to proceed *in forma pauperis*, but instructing Kinnard to prepare and file an amended complaint. (Doc. 13.) This order explained to Kinnard, in clear and precise terms, what form this amended complaint should take, stating as follows:

> [I]n the interests of justice to this *pro se* litigant, Kinnard will be granted twenty (20) days within which to submit an amended complaint. He is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The amended complaint should set forth Plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs. *It should name proper defendants, specify the offending actions taken by a particular defendant*, be signed, and indicate the nature of the relief sought. Further, the claims set forth in the amended document should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants.

(Id.)(emphasis added.)

Following this explicit guidance, Kinnard filed an amended complaint on November 24, 2009. (Doc. 15.) This amended complaint identified only one defendant by name, Warden DeRose. (Id.) The complaint then contained a recital of actions allegedly taken by other persons relating to the confiscation of property from Kinnard, and the resolution of administrative grievance and disciplinary proceedings at the prison in 2009. (Id.) However, with respect to the sole named defendant in the amended complaint, Warden DeRose, the complaint simply cited the warden's supervisory role at the prison, and faulted the warden for failing to act favorably on Kinnard's appeal of various grievances and disciplinary findings. (Id.)

Judge McClure then ordered service of this amended complaint on the sole defendant named in that complaint, Warden DeRose. (Doc. 19.) Defendant DeRose

has now moved to dismiss this amended complaint. (Doc. 24.) This motion to dismiss has been fully briefed by the parties, (Docs. 29, 32 and 33), and was referred to this Court on January 6, 2011. (Doc. 34.) Accordingly, this matter is now ripe for resolution.

For the reasons set forth below, it is recommended that the motion to dismiss this *pro se* complaint should be granted.

## II. Discussion

### A. Rule 12(b)(6)– The Legal Standard.

The defendant has filed a motion to dismiss this complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).With respect to this benchmark standard for assessing the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly described the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form

of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983) As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __ U.S.

___, 129 S.Ct. at 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then

> determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In our view, these heightened pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in the complaint, and when examining whether the amended complaint states a valid cause of action against the sole named defendant, Warden DeRose. Having conducted this review we conclude that the amended complaint is fatally flawed with respect to Defendant DeRose, as set forth below:

> **B. Kinnard May Not Hold Warden DeRose Personally Liable to Him Simply By Virtue of The Warden's Supervisory Post or Because He Was Dissatisfied With The Warden's Responses to His Grievances**.

In his amended complaint, Kinnard names a single defendant, Warden DeRose. As to this defendant, Kinnard's amended complaint seeks to hold the warden personally liable based upon an admixture of *respondeat superior* liability, coupled with complaints concerning the Warden's processing and resolution of grievances which Kinnard lodged while in custody.

We find, however, that these allegations are insufficient to state a claim upon which relief can be granted. Indeed, these claims fail for at least two reasons. First, to the extent that Kinnard attempts to hold the warden personally culpable based simply upon his supervisory status, his complaint runs afoul of the settled rule that civil rights liability may not be based solely upon notions of *respondeat superior*. It is well-settled that a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred. Quite the contrary, to state a claim under §1983, the plaintiff must show that a supervisory defendant, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. §1983; Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v.Thiboutot, 448 U.S. 1 (1980). Liability under § 1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997). In particular, with respect to prison supervisors it is well-established that:

> "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d

1195, 1207 (3d Cir.1988).

Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

Applying these benchmarks, courts have frequently held that, in the absence of evidence of supervisory knowledge and approval of subordinates' actions, a plaintiff may not maintain an action against supervisors based upon the misdeeds of their subordinates. For example, in O'Connell v. Sobina, No. 06-238, 2008 WL 144199, * 21 (W.D. Pa. Jan. 11, 2008), the court rejected an effort to hold supervisors liable for the acts of staff holding that:

> Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. Rode, 845 F.2d at 1207. "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Id. See also Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). Moreover, in order to maintain a claim for supervisory liability, a plaintiff must show: 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to violate a person's rights; or 3) that the supervising official had knowledge of and acquiesced in a subordinate's violations. See Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Similarly, in Neuburger v. Thompson, 305 F. Supp. 2d 521, 535 (W. D. Pa. 2004), the court rejected an effort to extend civil rights liability to supervisory officials without proof of personal involvement or acquiescence in wrongdoing, stating:

> Third Circuit case law recognizes that "(a) defendant in a civil rights action must have personal involvement in the alleged wrongs" in order

to be liable. Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir.2003) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988)). Consequently, a supervisor may be liable under 42 U.S.C. § 1983 for his or her subordinate's unlawful conduct if he or she directed, encouraged, tolerated, or acquiesced in that conduct. See Blanche Road Corp. v. Bensalem Twp., 57 F.3d 253, 263 (3d Cir.1995); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir.1995). However, the mere assertion "that the constitutionally cognizable injury would not have occurred if the superior had done more than he or she did" is insufficient to establish liability. Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir.1989). Likewise, a supervisor's mere failure to train, supervise or discipline subordinate officers does not state a basis for a § 1983 claim against the supervisor absent proof of direct participation by the superior in some unlawful conduct. Mobley v. City of Atlantic City Police Dept., No. Civ. A. 97-2086JBS, 2000 WL 363692 at *3 (D.N.J. March 30, 2000) (citing Brown v. Grabowski, 922 F.2d 1097, 1119-20 (3d Cir.1990)).

Thus, to the extent that Kinnard's amended complaint premises liability against Defendant DeRose upon his station and status as the prison warden, this complaint fails to state a claim upon which relief can be granted.

Nor can Kinnard convert his displeasure with Warden DeRose's responses to his grievances into an infraction of constitutional dimension. Inmates do not have a constitutional right to a prison grievance system. See Jones, 433 U.S. at 137-138; Speight v. Sims, No. 08-2038, 283 Fed. Appx. 880, 2008 WL 2600723 at *1 (3d Cir. June 30, 2008) (citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."). Consequently, dissatisfaction with response to an inmate's grievances does not support a constitutional claim. See also Alexander v. Gennarini, 144 F. App'x. 924 (3d Cir.

2005) (involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable). See also Cole v. Sobina, No. 04-99J, 2007 WL 4460617, at *5 (W.D. Pa. Dec. 19, 2007) ("[M]ere concurrence in a prison administrative appeal process does not implicate a constitutional concern."). As the United States Court of Appeals for the Third Circuit recently observed when disposing of a similar claim by another inmate:

> Several named defendants, . . . ,were named only for their supervisory roles in the prison system. The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988) (defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior* ); see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996) (state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause)

Pressley v. Beard, 266 F. App'x 216, 218 (3d Cir. 2008).

These basic principles apply here, and compel the dismissal of Kinnard's claims against Defendant DeRose, who may not be held liable simply because he was a prison supervisor when these events occurred or was alleged to have failed "to take corrective action when grievances or investigations were referred to them." Id.

In short, in this case, Kinnard's claims in the amended complaint appear to be little more "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, [which as a legal matter] do not suffice." Ashcroft v. Iqbal, supra 127 S.Ct. at 1979. We recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, See Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, Kinnard was given leave to amend his complaint, but to no avail. The complaint still fails to state a valid cause of action against the sole named Defendant, Warden DeRose. Since the Plaintiff has failed to state a viable civil rights cause of action, and the factual and legal grounds proffered in support of the complaint make it clear that the Plaintiff has no right to relief, granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Therefore, it is recommended that the complaint be dismissed without further leave to amend.

### IV. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED, that the Defendant's motion to dismiss (Doc. 24) be GRANTED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28

U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 10th day of January, 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge